

Elizabeth F. Ahlstrand
Partner
Direct Dial 860.760.8420
eahlstrand@sgllawgroup.com

June 4, 2019

**VIA ECF**

District Judge Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

      Re:    **Intimo, Inc. v. Harleysville Preferred Insurance Company**
               **CA NO.: 1:19-cv-04734-GHW**

Dear Judge Woods:

      This firm represents Defendant Harleysville Preferred Insurance Company ("Harleysville") in the above-referenced matter. This letter is in reply to Plaintiff Intimo Inc.'s ("Plaintiff") response dated May 31, 2019 to Harleysville's Request for Extension of Time (the "Request").

      Pursuant to the Court's Individual Rules, Harleysville filed the Request on May 28, 2019 to have the deadline for Harleysville to file a response to Plaintiff's Complaint extended until June 12, 2019. Plaintiff responded arguing that Harleysville's application was incorrect because it is in default because it had missed the deadline to file a response. We categorically disagree with Plaintiff's conclusion.

      The crux of the disagreement is when the thirty-day period in which to remove the case began pursuant to 28 USC § 1446(b)(1). The case was initially filed on March 26, 2019 in New York State Supreme Court, County of New York and was served on the state agent, New York's Department of Financial Services on March 28, 2019. Process was then served upon Harleysville personally on April 24, 2019. The case was removed on May 22, 2019, two days before the deadline on May 24, 2019 and the Request was filed on May 28, 2019, the day before the seven-day deadline on May 29, 2019. Plaintiff has taken the position that the period to remove began on



March 28, 2019 with service upon the state agent, however this is inconsistent with this Court's and others' precedents, some of which were cited in the Request and are repeated below.

This Court and many others have drawn a distinction between when service is made upon a state agent and when the defendant is personally served. "When service of process is made upon a statutory agent rather than on the defendant personally, the thirty-day period during which the defendant may remove the case does not begin with service upon the agent, but rather, when the defendant receives personal service of the summons and complaint." *Calderon v. Pathmark Stores, Inc.*, 101 F. Supp. 2d 246, 247 (S.D.N.Y. 2000); *see also Grello v. J.C. Penny Corp., Inc.*, No. 03 Civ. 8245(CSH), 2003 WL 22772397, at *2 (S.D.N.Y. Nov. 21, 2003); *see also Cotter v. Milly LLC*, No. 09 Civ. 04639(PGG), 2010 WL 286614, at *4 (S.D.N.Y. Jan. 22, 2010); *Auguste v. Nationwide Mut. Ins. Co.*, 90 F. Supp. 2d 231, 232 (E.D.N.Y. 2000); *see also Medina v. Wal-Mart Stores, Inc.*, 945 F. Supp. 519, 520 (W.D.N.Y. 1996); *see also Tucci v. Hartford Financial Services Group, Inc.*, 600 F. Supp. 2d 630, 631 (D.N.J. 2009). The rationale for this approach, as this Court explained was two-fold.

> This rule is prudent, not only because the defendant's procedural rights should not depend upon the alacrity with which the statutory agent delivers the summons to the defendant, but also because beginning the time to remove an action when the defendant receives the summons and not when the statutory agent is served is consistent with the plain language of § 1446, which states that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the *receipt by the defendant*, through service or otherwise, of a copy of the initial pleading."

*Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp. 2d 621, 624 (S.D.N.Y. 2004). Thus, following the established interpretation of § 1446, Harleysville's removal of this action was timely because based upon when *Harleysville* received service of process on April 24, 2019, it had until May 24, 2019 to remove.

Finally, this Court held "the fact that a state's service requirements were met is not dispositive. What may be proper and complete 'service of process' under state law has no bearing on whether a defendant has received such notice that the 30-day clock set forth in 28 U.S.C. 1446(b) has been triggered." *Cotter v. Milly LLC*, No. 09 Civ. 04639(PGG), 2010 WL 286614, at *4 (S.D.N.Y. Jan. 22, 2010). Plaintiff recites a portion of New York's Insurance Law but fails to acknowledge the language contained therein that supports the federal court's approach. Specifically, in § 1212(a), an insurer is required to include along with its power of attorney a "written certificate of designation of the name and address of the officer, agent, or other person to whom such process shall be forwarded by the superintendent or his deputy." The purpose of this is of course to ensure that the named defendant in an action actually receives the process which



the state agent is receiving on its behalf. If the Court were to accept Plaintiff's interpretation, the implication would be that every insurer must contact the Department of Financial Services every day to inquire if any service was made in which they were a named party. Not only is such an approach impractical but it would render part of the statute superfluous, which could not have been the legislature's intent when the law was written. Thus, Plaintiff's compliance with the statutory requirements for service of process upon Harleysville may have been satisfied, but have no bearing on when the thirty-day period to remove began.

For the reasons set forth above, Harleysville requests the Court grant its request for extension of time.

Very truly yours,

Elizabeth F. Ahlstrand

Cc: All Counsel of Record (via ECF)