

**MEMORANDUM ENDORSED**

Elizabeth F. Ahlstrand
Partner
Direct Dial 860.760.8420
eahlstrand@sgllawgroup.com

June 5, 2019

**VIA ECF**

District Judge Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

> Re:    **Intimo Inc. v. Harleysville Preferred Insurance Company**
>        **C.A. No.: 1:19-cv-04734-GHW**

Dear Judge Woods:

This firm represents Defendant Harleysville Preferred Insurance Company ("Harleysville") in the above-referenced matter. Pursuant to the Court's Individual Rules, Harleysville requests the Court schedule a pre-motion conference so it may obtain permission to file a motion to dismiss pursuant to FRCP 12(b)(6).

This coverage dispute stems from a ransomware attack upon the Plaintiff's business, specifically its servers, and Harleysville's partial denial of coverage for certain aspects of Plaintiff's claim. As will be detailed during the conference and in Harleysville's motion papers, Harleysville intends to move to dismiss the second count of Plaintiff's complaint for failure to state a claim upon which relief may be granted, as well as Plaintiff's prayer for attorneys' fees with respect to both counts of Plaintiff's complaint.

The first count of Plaintiff's complaint sounds in simple breach of contract. The second count of Plaintiff's complaint purports to state a separate claim for consequential damages allegedly caused by Harleysville's failure to adjust Plaintiff's claim in good faith. It is firmly-settled that New York does not "recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Bartlett v. Nationwide Mut. Fire Ins. Co.*, No. 12-CV-435-A, 2013 WL 623497, at *2 (W.D.N.Y. Feb. 19, 2013). Under New York law, "implicit in contracts of insurance is a covenant of good faith and fair dealing." *Id.* (citing *Commerce and Indus. Ins. Co. v. U.S. Bank*



SEIGER GFELLER LAURIE ᴸᴸᴾ
ATTORNEYS AT LAW

The Honorable Gregory H. Woods
*Intimo Inc. v. Harleysville Preferred Insurance Company*
June 5, 2019
Page 2 of 3

*Nat'l Ass'n*, No. 07 Civ. 5731(JGK), 2008 WL 4178474, at *3 (S.D.N.Y. 2008) (quoting *Bi–Economy Mkt., Inc. v. Harleysville Ins. Co. of N.Y.*, 10 N.Y.3d 187, 194 (2008)). The "parties to an express contract are bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract." *Bartlett*, 2013 WL 623497, at *2 (internal quote and cite omitted). A claim for breach of the implied covenant of good faith and fair dealing will "be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract." *Id.* Here, Plaintiff simply incorporated the allegations from its breach of contract claim into the second count and added a conclusory statement that Harleysville breached its duty to investigate, bargain, and settle Plaintiff's claim in good faith. No new facts are alleged. Thus, the Plaintiff's second count is duplicative and dismissal of the same is warranted under New York law.

Moreover, to maintain a cause of action for bad faith, a plaintiff must allege that: "(1) the insurer denied coverage as a result of a gross negligence; and (2) the insurer lacked even an arguable basis for denying coverage under the standards of a reasonable insurer." *Bartlett*, 2013 WL 623497, at *3 (quoting *Sukup v. State*, 19 N.Y.2d 519, 522 (1967)). A claim for consequential damages arising from a purported breach of the duty of good faith and fair dealing must allege that the plaintiff suffered damages beyond the contractual obligations set forth in the policy and that such additional damages were reasonably anticipated at the time the policy was entered into. *J. Kokolakis Contracting Corp. v. Evolution Piping Corp.*, 998 N.Y.S.2d 788, 793 (Sup. Ct., Suffolk Cnty. 2014) (dismissing plaintiff's claim for consequential damages where the plaintiff failed to allege it incurred damages beyond the limits of the policy). Plaintiff's second count is devoid of any such allegations. Plaintiff has not alleged that Harleysville denied coverage as a result of gross negligence or lacked even a colorable basis for denying coverage nor has Plaintiff sufficiently alleged nature of the consequential damages claim and/or how those damages were foreseeable to Harleysville at the time the insurance policy was issued. *See, e.g.*, *Udell v. Berkshire Life Ins. Co. of Am.*, No. CV-032721-SJF-KAM, 2005 WL 1243497, at *6 (E.D.N.Y. May 25, 2005); *see also Globecon Group, LLC v. Hartford Fire Ins. Co.*, No. 03 Civ. 0023, 2003 WL 22144316, at *3 (S.D.N.Y. Sept. 17, 2003) (dismissing plaintiff's claim for consequential damages and attorneys' fees since the insurance policy at issue did not include a statement anticipating recovery of damages flowing from an alleged breach of the contract by the insurer).

Finally, as to Plaintiff's claim for attorneys' fees, New York follows the "American Rule" regarding imposition of legal fees whereby each party is expected to shoulder its own costs of litigation absent a statutory, contractual, or other substantive authority which permits imposition of fees on the opposing party. *Traiman v. United States Life Ins. Co.*, 139 A.D.3d 713, 715 (2d Dep't 2016). In the context of insurance coverage disputes particularly, it is well established that an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy." *New York Univ. v Cont. Ins. Co.*, 87 N.Y.2d 308, 324 (1995); *Globecon Group, LLC v. Hartford Fire Ins. Co.*, No. 03 Civ. 0023(NRB), 2003 WL


22144316, at *3 (S.D.N.Y. Sept. 17, 2003); *O'Keefe v. Allstate Ins. Co.*, 90 A.D.3d 725 (App. Div. 2d Dep't 2011) (affirming order granting motion to dismiss that portion of insured's complaint seeking attorneys' fees against the insurer because an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy). A finding of bad faith alone is insufficient to prevail on a claim for attorney's fees. *See National R.R. Passenger Corp. v. Arch Specialty Ins. Co.*, 124 F. Supp. 3d 264, 280 (S.D.N.Y. 2015). Thus, even if Plaintiff were to prevail on its bad faith claim, it would not be dispositive on the issue of attorneys' fees.

On the basis of the arguments outlined above, Harleysville requests that the Court schedule a pre-motion conference so it may obtain permission to file a motion to dismiss pursuant to FRCP 12(b)(6). Thank you for your consideration of this request.

Very truly yours,

Elizabeth F. Ahlstrand

Cc: All Counsel of Record (via ECF)

Application granted. The Court will hold a teleconference to discuss the issues raised in this letter on June 10, 2019 at 4:30 p.m. The parties are directed to call Chambers (212-805-0296) at that time with all parties on the line.

SO ORDERED.

Dated: June 7, 2019
New York, New York

_____
GREGORY H. WOODS
United States District Judge