

Elizabeth F. Ahlstrand
Partner
Direct Dial 860.760.8420
eahlstrand@sgllawgroup.com

July 9, 2019

**VIA ECF**

District Judge Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

      Re:    **Intimo Inc. v. Harleysville Preferred Insurance Company**
             **C.A. No.: 1:19-cv-04734-GHW**

Dear Judge Woods:

      This firm represents Defendant Harleysville Preferred Insurance Company ("Harleysville") in the above-referenced matter. Pursuant to the Court's Individual Rules, Harleysville requests the Court schedule a pre-motion conference so it may obtain permission to file a motion to dismiss pursuant to FRCP 12(b)(6).

      This coverage dispute stems from a ransomware attack upon the Plaintiff's business, specifically its servers, and Harleysville's partial denial of coverage for certain aspects of Plaintiff's claim. As will be detailed during the conference and in Harleysville's motion papers, Harleysville intends to move to dismiss the second count of Plaintiff's complaint for failure to state a claim upon which relief may be granted, as well as Plaintiff's prayer for attorneys' fees with respect to both counts of Plaintiff's amended complaint.

      The first count of Plaintiff's amended complaint sounds in simple breach of contract. The second count of Plaintiff's amended complaint purports to state a separate claim for consequential damages allegedly caused by Harleysville's failure to adjust Plaintiff's claim in good faith. It is firmly-settled that New York does not "recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Bartlett v. Nationwide Mut. Fire Ins. Co.*, No. 12-CV-435-A, 2013 WL 623497, at *2 (W.D.N.Y. Feb. 19, 2013). Under New York law, "implicit in contracts of insurance is a covenant of good faith and fair dealing." *Id.* (citing *Commerce and Indus. Ins. Co. v. U.S. Bank Nat'l Ass'n*, No. 07 Civ. 5731(JGK), 2008 WL 4178474, at *3 (S.D.N.Y. 2008) (quoting *Bi–Economy Mkt., Inc. v. Harleysville Ins. Co. of N.Y.*, 10 N.Y.3d 187, 194 (2008)). The "parties to



an express contract are bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract." *Bartlett*, 2013 WL 623497, at *2 (internal quote and cite omitted). A claim for breach of the implied covenant of good faith and fair dealing will "be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract." *Id.*; *see also, Nazareth College of Rochester v. Harleysville Preferred Ins. Co.*, 2017 WL 999214 (W.D.N.Y. Mar. 15, 2017), *quoting Symquest Grp., Inc. v. Canon U.S.A., Inc.*, 186 F. Supp. 3d 257, 25 (E.D.N.Y. 2016) ("when a complaint alleges both a breach of contract and a claim for breach of the implied covenant of good faith and fair dealing based on the same facts, the claim should be dismissed as redundant."). Plaintiff's amended complaint simply incorporates the allegations from its breach of contract claim into the second count and adds conclusory statements that Harleysville breached its duty to investigate, bargain, and settle Plaintiff's claim in good faith. Plaintiff does not allege any conduct which is separate from the conduct alleged in support of its breach of contract claim, namely, that Harleysville only paid a portion of Plaintiff's claim. Indeed, the purportedly "new" allegations contained in paragraphs 17 and 18 are redundant of the facts alleged in the first count. *See* Amended Complaint, First Count ¶¶ 10 -12. Thus, the second count of Plaintiff's amended complaint is duplicative and dismissal of the same is warranted under New York law.

Further, to maintain a cause of action for bad faith, a plaintiff must allege that: "(1) the insurer denied coverage as a result of a gross negligence; and (2) the insurer lacked even an arguable basis for denying coverage under the standards of a reasonable insurer." *Bartlett*, 2013 WL 623497, at *3 (quoting *Sukup v. State*, 19 N.Y.2d 519, 522 (1967)). A claim for consequential damages arising from a purported breach of the duty of good faith and fair dealing must allege that the plaintiff suffered damages beyond the contractual obligations set forth in the policy and that such additional damages were reasonably anticipated at the time the policy was entered into. *Cont'l Info. Sys. Corp. v. Fed. Ins. Co.*, No. 02 CIV 4168 (NRB), 2003 WL 145561, *4 (S.D.N.Y. Jan. 17, 2003). Although Plaintiff's amended complaint adds the conclusory allegation that Harleysville did not pay Plaintiff's claim in "gross disregard," Plaintiff alleges no factual allegations to support its cause of action for bad faith. Moreover, the amended second count is still devoid of any allegation that Harleysville lacked even a colorable basis for denying coverage, nor has Plaintiff sufficiently alleged the nature of the consequential damages claim and/or how those damages were foreseeable to Harleysville at the time the insurance policy was issued. *See, e.g., Udell v. Berkshire Life Ins. Co. of Am.*, No. CV-032721-SJF-KAM, 2005 WL 1243497, at *6 (E.D.N.Y. May 25, 2005); *see also Globecon Group, LLC v. Hartford Fire Ins. Co.*, No. 03 Civ. 0023, 2003 WL 22144316, at *3 (S.D.N.Y. Sept. 17, 2003) (dismissing plaintiff's claim for consequential damages and attorneys' fees since the insurance policy at issue did not include a statement anticipating recovery of damages flowing from an alleged breach of the contract by the insurer).



Likewise, Plaintiff's claim for attorneys fees similarly fails. It is well settled that "an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy." *Nazareth College of Rochester v. Harleysville Preferred Ins. Co.,* 2017 WL 999214 at *3, *quoting, New York Univ. v Cont. Ins. Co.*, 87 N.Y.2d 308, 324 (1995) (granting defendants' motion to dismiss the plaintiff's demand for attorneys fees); *see also, Globecon Group, LLC v. Hartford Fire Ins. Co.*, No. 03 Civ. 0023(NRB), 2003 WL 22144316, *3 (S.D.N.Y. Sept. 17, 2003); *O'Keefe v. Allstate Ins. Co.*, 90 A.D.3d 725 (App. Div. 2d Dep't 2011) (affirming order granting motion to dismiss that portion of insured's complaint seeking attorneys' fees against the insurer because an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy). This rule is subject to a limited exception in circumstances where there has been an unreasonable, bad faith denial of coverage by the insurer. *Sukup v. State,* 19 N.Y.2d 519, 522 (N.Y. 1967); *Hugo Boss Fashions, Inc. v. Federal Ins. Co.*, 252 F. 3d 608, 615-616 (2d Cir. 2001). A plaintiff must show "such bad faith in denying coverage that no reasonable carrier would, under the given facts, be expected to assert it." *Sukup,* 19 N.Y.2d at 522; *see also, Liberty Surplus Ins. Corp. v. Segal Co.*, 420 F.3d 65, 70 (2d Cir. 2005); *Nouveau Elevator Indus., Inc. v. Continental Cas. Ins. Co.*, No. 05-CV-0813 (JFB)(RLM), 2006 WL 1720429 (E.D.N.Y. June 21, 2006); *Cohen v. U.S. Fid. & Guar. Co.*, No. 04Civ.5921(RMB)(MHD), 2005 WL 1036097 (S.D.N.Y. May 5, 2005). To do this, as discussed above, a plaintiff must allege that "(1) the insurer denied coverage as a result of 'gross negligence'; and (2) the insurer lacked even an 'arguable' basis for denying coverage under the standards of a reasonable insurer. *Nazareth College of Rochester v. Harleysville Preferred Ins. Co.,* 2017 WL 999214 at *3 (dismissing plaintiff's claim for attorneys fees upon finding that plaintiff's allegations that the insurer's conduct constituted "gross disregard" and amounted to "gross negligence" were conclusory and lacked "factual content that allows the court to draw the reasonable inference that the insurer is liable for the misconduct alleged"), *quoting Kurzdorfer,* 2013 WL 434186 at *2 (rejecting claim for attorney fees where record did not show a "gross disregard" for its policy obligation by the insurer in asserting noncoverage but rather an arguable case in which the carrier was held wrong). Plaintiff fails to meet this standard. Indeed, Plaintiff does not assert a single allegation which would support a finding that Harleysville engaged in "gross negligence," or that Harleysville lacked "even an arguable basis for denying coverage." As a result, Plaintiffs have failed to state a sufficient claim for attorneys fees.

Finally, Plaintiff's claim for attorneys' fees is also deficient pursuant to Fed. R. Civ. Proc. 9(g). Rule 9(g) requires that special damages, such as attorneys fees, be specifically pleaded and the plaintiff "should allege facts upon which to predicate recovery of such damages." *Hogan v Wal-Mart Stores, Inc.*, 167 F.3d 781 (1999) (recognizing that pursuant to Rule 9(g), special damages such as attorneys fees must be specifically pleaded); *Forrest v. Unifund Financial Group, Inc.*, No. 04-cv-5151 (LTS), 2005 WL 1087490 (S.D.N.Y. May 6, 2005). Plaintiff's amended complaint fails to allege any facts to satisfy this pleading requirement.



On the basis of the arguments outlined above, Harleysville requests that the Court schedule a pre-motion conference so it may obtain permission to file a motion to dismiss pursuant to FRCP 12(b)(6). Thank you for your consideration of this request.

Very truly yours,

Elizabeth F. Ahlstrand

Cc: All Counsel of Record (via ECF)